UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

MARIO JAVIER BARAHONA-MUNGUIA                   NUMBER 10-51-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 15, 2013.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

MARIO JAVIER BARAHONA-MUNGUIA                       NUMBER 10-51-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Mario Javier Barohona-Munguia. Record document numbers 41.

**I. Procedural History**

Petitioner entered a guilty plea to one count of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count possession of a firearm by an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A). Petitioner was sentenced to serve a 78-month term of imprisonment. Judgment was imposed on March 24, 2011. Petitioner did not appeal his conviction or sentence.

Petitioner signed his § 2255 motion on April 4, 2013, and it was filed on April 8, 2013. Petitioner alleged the following grounds for relief: (1) he was denied effective assistance of counsel when counsel failed to file a notice of appeal; (2) the United States of America breached the plea agreement when it failed

1

to urge the court to give the petitioner the reduction for acceptance of responsibility and by failing to recommend a sentence at the low end of the Sentencing Guidelines range; (3) he was denied effective assistance of counsel when counsel failed to adequately explain his sentence exposure; and, (4) he received an excessive sentence.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

## II. Applicable Law and Analysis

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence. The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(f). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

Petitioner's conviction became final on April 7, 2011.[1] From

---

[1] In a criminal case, a defendant's notice of appeal must be
(continued...)

the date the petitioner's conviction became final until April 4, 2013, the date petitioner signed his § 2255 application, more than one year of the limitations period elapsed. Petitioner's § 2255 motion was not timely filed.

Petitioner argued that he is entitled to equitable tolling because of his "inability to write, read or understand the English language."[2]

There is no basis in the record for equitable tolling. The AEDPA's statutory limitations are "subject to equitable tolling in appropriate cases." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2560 (2010). A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005)); *see United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable tolling of § 2255 petition). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (citation and internal quotation marks omitted). "Equitable

---

[1](...continued)
filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed or the filing of the government's notice of appeal. Rule 4(b)(1)(A)(I), Fed.R.App.P.

[2] Record document number 41-1, p. 4.

3

tolling is permissible only in rare and exceptional circumstances." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation and internal quotation marks omitted). Equitable tolling under § 2255(f) is not extended to instances of "excusable neglect." *United States v. Kirkham*, 367 Fed.Appx. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990)).

First, the petitioner's alleged limited ability to speak or read English does not justify equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005)(difficulty with English justifies no equitable tolling for filing a motion to vacate). An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984, 123 S.Ct. 1793 (2003).

Second, equitable tolling is not permissible here because the petitioner did not "pursu[e] his rights diligently." *Holland*, 130 S.Ct. 2562. Petitioner did not explain in any meaningful way why he could not, with due diligence, obtain language assistance before the expiration of the one year limitations period. Petitioner offered no details regarding his efforts, if any, to learn of the filing requirements within his place of confinement, or why he failed to make contact with anyone outside the prison who might

4

advise him, in his language, of the legal requirements for filing a § 2255 motion.  Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 n. 3 (5th Cir. 2000).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as supplemented, be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255(f).

Baton Rouge, Louisiana, April 15, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE